**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DARIUS LAMAR HARRIS | : | |
| | : | |
| Appellant | : | No. 676 WDA 2025 |

Appeal from the Judgment of Sentence Entered May 2, 2025
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000792-2023

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DARIUS LAMAR HARRIS | : | |
| | : | |
| Appellant | : | No. 928 WDA 2025 |

Appeal from the Judgment of Sentence Entered May 2, 2025
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000793-2023

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DARIUS LAMAR HARRIS | : | |
| | : | |
| Appellant | : | No. 929 WDA 2025 |

Appeal from the Judgment of Sentence Entered May 2, 2025
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000794-2023

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|  |  |  |  |
|---|---|---|---|
|  | v. | : |  |
|  |  | : |  |
|  |  | : |  |
|  |  | : |  |
| DARIUS LAMAR HARRIS |  | : |  |
|  |  | : |  |
|  | Appellant | : | No. 930 WDA 2025 |

Appeal from the Judgment of Sentence Entered May 2, 2025
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000795-2023

|  |  |  |  |
|---|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA |  | : | IN THE SUPERIOR COURT OF |
|  |  | : | PENNSYLVANIA |
|  |  | : |  |
|  | v. | : |  |
|  |  | : |  |
|  |  | : |  |
|  |  | : |  |
| DARIUS L HARRIS |  | : |  |
|  |  | : |  |
|  | Appellant | : | No. 931 WDA 2025 |

Appeal from the Judgment of Sentence Entered May 2, 2025
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000796-2023

BEFORE: NICHOLS, J., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY NICHOLS, J.: **FILED: July 22, 2026**

Appellant Darius L. Harris appeals from the judgment of sentence imposed after he pled guilty to possession with intent to deliver (PWID),[1] endangering the welfare of a child (EWOC),[2] and criminal use of a communication facility[3] at Docket No. 792-2023; PWID and criminal use of a

---

[1] 35 P.S. 780-113(a)(30).

[2] 18 Pa.C.S. § 4304(a)(1).

[3] 18 Pa.C.S. 7512.

- 2 -

communication facility at Docket No. 793-2023; two counts of PWID and one count of criminal use of a communication facility at Docket No. 794-2023; two counts of PWID and one count of criminal use of a communication facility at Docket No. 795-2023; and three counts of PWID and one count of conspiracy to commit PWID[4] at Docket No. 796-2023.  On appeal, Appellant claims that the trial court erred by denying his motion to dismiss pursuant to Pa.R.Crim.P. 600.  After review, we affirm.

The trial court set forth the facts of this case as follows:

A confidential informant ("CI") contacted Corporal Garrett Trent ("Corporal Trent") of the Altoona Police Department to offer his cooperation to purchase controlled substances from Appellant. Thereafter, the Blair County Drug Task Force participated in [a] series of controlled purchases from February 28, 2023, through March 24, 2023.  The controlled substances the CI bought [from Appellant] were fentanyl, heroin, and methamphetamine.

Trial Ct. Op., 10/3/25, at 5.

Appellant was arrested and charged with various offenses across five docket numbers.  Appellant filed a motion to dismiss pursuant to Pa.R.Crim.P. 600 on October 18, 2024.  A hearing was held on Appellant's motion.  On April 10, 2025, the trial court denied Appellant's motion.

On May 2, 2025, Appellant pled guilty to the above stated offense at each of the five docket numbers.  That same day, the trial court sentenced Appellant to an aggregate sentence of four and a half to fifteen years'

---

[4] 18 Pa.C.S. § 903(a)(1).

- 3 -

incarceration pursuant to the negotiated plea agreement.  Appellant did not file any post-sentence motions.

On June 2, 2025, Appellant filed timely *pro se* notices of appeal at Docket Nos. 793-2023 and 794-2023.  Appellant filed untimely notices of appeal at the remaining docket numbers.[5]  On July 24, 2025, privately

---

[5] At Docket No. 792-2023, the certified record contains a notice of appeal bearing Docket No. 793-2023 with a file stamp of June 2, 2025.  **See** Notice of Appeal, Docket No. 792-2023, 6/2/25.  However, with the exception of handwritten notations, this notice of appeal is identical to the notice of appeal filed at Docket No. 793-2023 including the placement of the trial court's filing stamps.  **Compare** Notice of Appeal, Docket No. 792-2023, 6/2/25 **with** Notice of Appeal, Docket No. 793-2023, 6/2/25.  Thereafter, on June 18, 2025, Appellant filed an "amended" notice of appeal bearing the correct docket number at Docket No. 792-2023.  At Docket Nos. 795-2023 and 796-2023, the record reflects that Appellant only filed "amended" notices of appeal on June 18, 2025.  All of the notices of appeal filed on June 18, 2025 were untimely as Appellant's time to appeal expired on June 2, 2025.  **See Commonwealth v. Rodriguez**, 174 A.3d 1130, 1138 (Pa. Super. 2017) (stating that when no post-sentence motions are filed a defendant has thirty days from the imposition of sentence to file a notice of appeal); Pa.R.J.A. 107(b) (excluding weekends and holidays from the computation of time when they fall on the last day of the relevant time period).

Generally, untimely notices of appeal result in quashal of the appeal.  **See Commonwealth v. Williams**, 106 A.3d 583, 587 (Pa. 2014).  However, the trial court's sentencing order, which was entered at all five docket numbers, advised Appellant that if he wished to appeal, he "must file **it** in writing not later than thirty (30) days from today's date."  Sentencing Order, 5/16/25, at 13 (emphasis added).  Because the trial court's order did not advise Appellant that he was required to file separate notices of appeal at each docket number, we decline to quash the appeals at Docket Nos. 792-2023, 795-2023, and 796-2023 due to a breakdown in the operations of the trial court.  **See Commonwealth v. Stansbury**, 219 A.3d 157, 160 (Pa. Super. 2019) (finding a breakdown in the operations of the trial court and declining to quash an appeal where the trial court's order advised the defendant to file a singular notice of appeal where the order disposed of cases at two separate docket numbers).

retained counsel, Joseph L. Addink, Esq. filed a motion to withdraw in the trial court, which the trial court denied on August 12, 2025.[6]  Both the trial court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant presents the following issue for our review:

Whether the trial court erred in failing to attribute to the Commonwealth the period from August 19, 2023 to October 24, 2024 (431 days), when the Commonwealth failed to disclose mandatory discovery under Pa.R.Crim.P. 573(B)(1)(g), specifically the sealed Order authorizing electronic surveillance in Appellant's home, despite a timely defense request?

Appellant's Brief at 18.

Appellant's argument challenges the trial court's denial of his Rule 600 motion.  *See id.* at 23-34.

"Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea."[7]  ***Commonwealth v.***

---

[6] The trial court denied Attorney Addink's motion to withdraw because it concluded that it was divested of jurisdiction by the filing of the notices of appeal.  **See** Trial Ct. Order, 8/12/25, at 1-2 (unpaginated); **see also** Pa.R.A.P. 1701.  Attorney Addinak did not renew his motion to withdraw in this Court and, instead, filed a merits brief on behalf of Appellant.  **See** Appellant's Brief at 35.

[7] We note that a defendant may preserve an issue for appeal "despite entry of a guilty plea, if a defendant raised that issue prior to entering a guilty plea and specifically reserved the right to seek appellate review of that issue as part of the plea agreement."  **See Commonwealth v. Speed**, 323 A.3d 850, 854 (Pa. Super. 2024).  Here, the record does not indicate that Appellant specifically reserved the right to seek appellate review of his Rule 600 issue as part of his plea agreement.  **See** N.T. Plea Hr'g, 5/2/25, at 1-17; Guilty
*(Footnote Continued Next Page)*

*Morrison*, 173 A.3d 286, 290 (Pa. Super. 2017) (citation omitted). Accordingly, where a defendant pleads guilty, he may only challenge the trial court's denial of his Rule 600 motion to the extent that it affected the voluntariness of his plea. *See Commonwealth v. Sisneros*, 692 A.2d 1105, 1107 (Pa. Super. 1997).

Here, as stated above, Appellant pled guilty on May 2, 2025. Appellant does not contend that the alleged violation of Rule 600 resulted in an involuntary plea.[8] *See* Appellant's Brief at 23-34. Accordingly, we conclude that Appellant has waived his Rule 600 claim by pleading guilty. *See Morrison*, 173 A.3d at 290; *Sisneros*, 692 A.2d at 1107. Therefore, no relief is due.

Judgment of sentence affirmed. Jurisdiction relinquished.

_____

Plea Colloquy Form, 5/15/25, at 7-8 (indicating that Appellant answered "yes" to questions asking him if he understood that, by pleading guilty, he was giving up the right to present and appeal pre-trial motions or trial court errors).

[8] We note that, even if Appellant argued that his plea was involuntary due to the trial court's denial of his Rule 600 motion, we would find that claim waived because Appellant failed to object during the plea colloquy or file a post-sentence motion seeking to withdraw his plea. *See Commonwealth v. Lincoln*, 72 A.3d 606, 609-610 (Pa. Super. 2013) (stating that a "defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Failure to employ either measure results in waiver" (citation omitted)).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


DATE: 7/22/2026